Parker C. J.
delivered the opinion of the Court. The claim of me petitioner for dower comes before us under the most unfavorable circumstances. She married a man who had been recently divorced for the cause of adultery, she without doubt knowing the fact, and the parties crossed the line between this State and Connecticut, were married in the latter State, and immediately returned to his domicil within this State ; so that it is a clear case of evasion of the laws of this Commonwealth. Nevertheless we are constrained by authority to consider the marriáge legal, and that the petitioner is enti•ed to all the privileges belonging to the relation of a married ornan.
It is agreed that the marriage was lawful in Connecticut, so that had the parties remained there, their children would be lawful issue, entitled to inherit there, and according to the principles of the case of West Cambridge v. Lexington, 1 Pick. 505,r would have a settlement derived from their father, and be entitled to inherit his estate here. In the case of Medway v. Needham, 16 Mass. R. 157, it was decided that a marriage, which would be void if entered into within this State, was valid, being made in Rhode Island, where it was lawful, and this, notwithstanding the parties went there for the purpose of doing what by the laws of this State was unlawful, and immediately returned to dwell within this State. This decision covers the whole ground of the present case, and to decide this-against the petitioner would be to overrule that decision. The Court were aware of all the objections to the doctrine maintained in that case, and knew it to be vexata queestio among civilians ; but they adopted the rule of the law of England on this subject, on the same ground it was adopted there, namely, the extreme danger and difficulty of vacating a matiiage, which by the laws of the country where it was entered into was valid. The condition of parties thus situated, the effect upon their innocent offspring, and the outrage to public morals, were considered as strong and decisive reasons for giving place to the laws of the foreign country, not merely on account of comity, for that would not be offended *449 by declaring null a contract made in violation of the laws of the State in which the parties lived, by evasion, but from general policy; nor will the same principle be necessarily applied to contracts of a different nature, — usurious, gaming, or others made unlawful by statute or common law ; for comity will not require that the subjects of one country shall be allowed to protect themselves in the violation of its laws, by assuming obligations under another jurisdiction, purposely to avoid the effect of those laws.
The law on this subject having been declared by this Court ten years ago, in the case before cited, it is binding upon us and the community until the legislature shall see fit to alter it. If it shall be found inconvenient, or repugnant to sound principle, it may be expected that the legislature will explicitly enact, that marriages contracted within another State, which if entered into here would be void, shall have no force within this Commonwealth.[1] But it is a subject which, whenever taken into consideration, will be found to require the exercise of the highest wisdom.

Decree of judge of probate reversed

 Provision has been made for such a case by Revised Stat c. 75, § 6, See also c. 75, § 4; e. 130, § 2; 2 Kent, (3d edit.) 92, 93; Dickson v. Dickson, 1 Yerger, 110; Conway v. Beazley, 3 Haggard, (Doct. Commons,) 639; Story’s Comm, on Confl. Laws, 117.